IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tyquan Jamar Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Allen Heidler, Kevin A. Buxton, John S. Davis, and T.J. Joye,<br><br>Defendants. | Case No. 4:25-cv-00899-SAL<br><br>**ORDER** |

Plaintiff Tyquan Jamar Johnson ("Johnson"), proceeding pro se, brings this 42 U.S.C. § 1983 lawsuit against Florence County Sheriff T.J. Joye ("Sheriff Joye"), Florence Police Chief Allen Heidler, and Officers Kevin A. Buxton and John S. Davis.[1] [ECF No. 1.] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the case was referred to United States Magistrate Judge Kaymani D. West for all pretrial proceedings. On July 7, 2026, Magistrate Judge West issued a Report and Recommendation (the "Report"), recommending that the court grant summary judgment in favor of Sheriff Joye and the FPD Defendants. [ECF No. 93.] Johnson objects to the Report. [ECF No. 95.] For the reasons explained below, the court overrules Johnson's objections, adopts the Report in full, and grants Defendants' motions for summary judgment, ECF Nos. 70, 73.

## I. BACKGROUND

Johnson is currently serving a 25-year state sentence for trafficking methamphetamine and possessing a firearm during the commission of a violent crime. *See* S.C. Dep't of Corr., *Incarcerated Inmate Search*, https://public.doc.state.sc.us/scdc-public/ (search by Plaintiff's first

[1] The court refers to Heidler, Buxton, and Davis collectively as the "FPD Defendants."

and last name) (last visited Aug. 28, 2026). In this lawsuit, he alleges that he was wrongfully arrested and detained on several other charges that were ultimately dismissed. Specifically, he alleges that he was "held against [his] will" on murder, criminal conspiracy, and obtaining property by false pretenses charges from November 2019 to February 2024, and on drug manufacturing and trafficking charges from May 2022 to January 2024. [ECF No. 1 at 4–5.] He maintains that there was "no physical or solid evidence" to support any of the charges and that the Solicitor's Office later declined to prosecute him. *Id.* at 5–6. He brings claims for violations of due process, cruel and unusual punishment, defamation, false imprisonment, and intentional infliction of emotional distress against the FPD Defendants, who were involved in investigating him, and against Sheriff Joye, who oversees the detention center where he was held. *Id.* at 4, 8. For relief, he seeks $1,000,000 for "pain and suffering" and the costs he incurred "due to the accused charges." *Id.* at 6, 10.

On July 7, 2026, Magistrate Judge West issued a thorough, 25-page Report and Recommendation, recommending that the court grant Defendants' motions for summary judgment. [ECF No. 93.] She concluded, among other things, that:

- Eleventh Amendment immunity bars all claims against Sheriff Joye in his official capacity, *id.* at 5–6;
- to the extent the complaint could be construed as suing Sheriff Joye in his individual capacity, Johnson's § 1983 claims fail for lack of evidence that Sheriff Joye personally participated in any alleged constitutional violation or that he had actual or constructive knowledge of any unconstitutional conduct by his subordinates, *id.* at 6–9;
- any false arrest claim arising out of Johnson's November 2019 arrest is time-barred, *id.* at 12;
- Johnson's false imprisonment claims fail on the merits because he was arrested pursuant to facially valid warrants, *id.* at 14–15;

- to the extent Johnson asserts malicious prosecution claims, those claims fail because probable cause existed for his arrests,[2] *id.* at 15–19;

- Johnson's Eighth Amendment claim fails because the complaint does not allege that Defendants were deliberately indifferent to any deprivation of his basic needs, *id.* at 19–20; and

- the South Carolina Tort Claims Act bars Johnson's state law claims, as there is no evidence that Defendants' actions fell outside the scope of their official duties or constituted actual fraud, actual malice, or intent to harm, *id.* at 9, 20.

Johnson filed objections to the Report on July 23, 2026. [ECF No. 95.] The FPD Defendants responded to Johnson's objections on August 5, 2026. [ECF No. 97.] On August 31, 2026, Johnson filed an unauthorized reply to his objections.[3] [ECF No. 99.]

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might affect the outcome of the suit under the governing law." *Milla v. Brown*, 109 F.4th 222, 228 (4th Cir. 2024) (internal quotation marks omitted). In ruling on a motion

---

[2] The Report analyzed Johnson's due process claims under the Fourth Amendment. *See* ECF No. 93 at 14; *see also Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) (observing that "the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial missteps" and stating that the Fourth Amendment "defines the process that is due for seizures of persons or property in criminal cases" (citation modified)).

[3] Neither the Federal Rules of Civil Procedure nor the court's Local Rules permit the filing of a reply brief in support of objections to a report and recommendation. *Kinloch v. Int'l Longshoremen's Assoc. Loc. 1422*, No. 2:23-cv-3640-BHH, 2025 WL 2682384, at *1 n.2 (D.S.C. Sept. 19, 2025); *see also* Fed. R. Civ. P. 72(b)(2). Nevertheless, in light of Johnson's pro se status, the court has considered his reply—but only to the extent it addresses arguments he raised in his initial objections. *See United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013) ("[N]ew arguments cannot be raised in a reply brief.").

for summary judgment, the court views "all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020).

The moving party bears the "initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the burden shifts to the nonmoving party to "go beyond the pleadings" and come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To withstand summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

**B. Review of a Report and Recommendation**

A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005),

and need not give any explanation for adopting the report, *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. DISCUSSION

Johnson raises three specific objections to the Report. None is persuasive.

### A. Objection 1

Johnson first argues that the magistrate judge erred in concluding that Eleventh Amendment immunity completely bars his claims against Sheriff Joye. [ECF No. 95 at 1–2.] He correctly notes that, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may sue a state official in his or her official capacity for prospective injunctive relief to remedy ongoing violations of federal law. *Id.* at 2. But Johnson's complaint does not seek any forward-looking relief against Sheriff Joye—he requests only money damages. *See* ECF No. 1 at 6, 10. Thus, the *Ex parte Young* exception to sovereign immunity is inapplicable.

### B. Objection 2

In his second objection, Johnson argues that the magistrate judge erred in concluding that Sheriff Joye "cannot be held liable under § 1983 on a theory of supervisory liability." [ECF No. 95 at 2–3.] The magistrate judge addressed supervisory liability as part of an alternative analysis, applicable to the extent Johnson's complaint could be construed as suing Sheriff Joye in his individual capacity. [ECF No. 93 at 6–9.] Johnson, however, clearly indicated in his complaint that he is suing Sheriff Joye in his official capacity only. [ECF No. 1 at 2–3.] It is well established that "South Carolina sheriffs . . . are entitled to Eleventh Amendment immunity from suit in federal court when sued in their official capacity." *Adams v. Pritchard*, No. 3:17-01108-MGL, 2019 WL 1454374, at *3 (D.S.C. Apr. 1, 2019) (citing *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996)).

Johnson's claims against Sheriff Joye therefore fail on immunity grounds, and the court need not reach the Report's alternative analysis regarding supervisory liability.[4]

**C. Objection 3**

Finally, Johnson contends that the magistrate judge "erred in finding that all § 1983 claims stemming from the November 27, 2019 arrest are barred by the three-year statute of limitations." [ECF No. 95 at 4.] In particular, he argues that his malicious prosecution claim arising from his November 2019 arrest is timely because it did not accrue until early 2024 when the charges against him were dismissed. *Id.* at 4–5; *see also Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor.").

Johnson misapprehends the Report. The magistrate judge did not conclude that *all* § 1983 claims arising from his November 2019 arrest are time-barred. Rather, she found only that any false arrest claim relating to the November 2019 arrest was untimely, and she expressly agreed with him that the limitations period for his malicious prosecution claims "had not run on the date [he] filed his lawsuit." [ECF No. 93 at 12, 13.] The magistrate judge then explained that Johnson's malicious prosecution claims, even if timely, nevertheless failed because (1) probable cause supported his arrest and detention for murder and criminal conspiracy[5] and (2) qualified immunity

[4] Even if Johnson had intended to sue Sheriff Joye in his individual capacity, any claim against Sheriff Joye predicated on a supervisory-liability theory would still fail. The complaint contains no allegations that a subordinate of Sheriff Joye violated Johnson's constitutional rights. *See Doe v. Rosa*, No. 2:14-4396-RMG, 2016 WL 7496162, at *4 (D.S.C. Feb. 8, 2016) ("In the absence of unconstitutional conduct by a subordinate, there can be no supervisory liability claim.").

[5] According to an affidavit from Defendant Davis, an eyewitness identified Johnson as one of the shooters, a codefendant implicated Johnson in the murder, investigators recovered a tray of ammunition from Johnson's vehicle, and Johnson was a known gang member with a history of violence. [ECF No. 73-2 ¶ 6.] A municipal judge reviewed the evidence, agreed that probable cause existed, and issued warrants for Johnson's arrest. *Id.* ¶ 7. A Florence County grand jury subsequently indicted Johnson for his role in the victim's death. *Id.* ¶ 10.

shields Defendants from liability. *Id.* at 16–19, 20. Johnson did not object to either of those conclusions, and the court sees no clear error in the Report's analysis. Accordingly, Johnson's third objection is without merit.

## IV. CONCLUSION

After reviewing the objected-to portions of the Report de novo and the remainder for clear error, the court **ADOPTS** Magistrate Judge West's Report, ECF No. 93, and **GRANTS** Defendants' motions for summary judgment, ECF Nos. 70, 73. The clerk shall enter judgment and close the case.

**IT IS SO ORDERED.**

September 10, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

In his reply brief, Johnson argues that the magistrate judge erred in recommending summary judgment on his malicious prosecution claims, noting that the issuance of an arrest warrant or return of a grand jury indictment does not conclusively establish probable cause. [ECF No. 99 at 2–3, 6–8.] That is true as a general matter: "warrants and indictments" are not determinative of probable cause "when an officer deliberately supplied misleading information that influenced the judge's or grand jury's decision." *English v. Clarke*, 90 F.4th 636, 648 (4th Cir. 2024) (citation modified). But Johnson points to no evidence from which a reasonable jury could conclude that the FPD Defendants "ma[de] material false statements or omit[ted] material facts" in seeking the arrest warrants, *Miller v. Prince George's Cnty.*, 475 F.3d 621, 631 (4th Cir. 2007), "deliberately withh[eld] exculpatory evidence . . . until after [he was] indicted," *Harris v. Town of S. Pines*, 110 F.4th 633, 644 (4th Cir. 2024), or otherwise "lied to or misled" prosecutors, *Massey v. Ojaniit*, 759 F.3d 343, 357 (4th Cir. 2014). Johnson's "unsupported conjecture" that the FPD Defendants supplied false information is not enough to create a genuine dispute for trial. *Graves v. Lioi*, 930 F.3d 307, 324 (4th Cir. 2019). Thus, his untimely objection to the magistrate judge's probable-cause analysis, even if properly before the court, lacks merit.